## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MAURICE LAGRONE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-cv-1316 |
| ) | |
| GUY D. PIERCE, ) | |
| ) | |
| Respondent. ) | |
| ) | |

# O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1) and his Motion to Proceed in forma pauperis (Doc. 2).  The Motion to Proceed in forma pauperis is denied, and Respondent will be ordered to respond to the Petition.

### PETITION FOR HABEAS CORPUS RELIEF UNDER § 2254

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, the Court has examined the Petition and has determined that Petitioner's claims could have merit.  Petitioner was found guilty of three counts of first degree murder and sentenced to life in prison without parole.  (Doc. 1 at 1).  Petitioner challenges this conviction upon several grounds.  Petitioner alleges that he was deprived of his right to a fair trial by 1) the improper admission and presentation of character evidence, 2) the failure of the trial court to instruct the jury on the included offense of involuntary manslaughter, 3) the improper limitation of the testimony of his expert witness, and 4) the improper admission of hearsay evidence.

Petitioner also alleges a Sixth Amendment claim of ineffective assistance of counsel in that his counsel failed to request a jury instruction on child endangerment, and a violation of his due process rights based upon the trial court's alleged misapplication of the Illinois Informant Statute, 725 ILCS 5/115-21. The Court cannot determine that Petitioner's claims are without merit, and will therefore order Respondent to respond to the Petition.

### MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has filed a Motion to Proceed in forma pauperis. (Doc. 2). Under 28 U.S.C. § 1915, the Court may allow a litigant to proceed without prepayment of fees or costs. The Motion is supported by an affidavit, and contains the information that is required by 28 U.S.C. § 1915(a)(1). In addition, the Court has received a copy of Petitioner's trust fund account ledger for the last six months from the Pontiac Correctional Center (Doc. 3), as required by 28 U.S.C. § 1915(a)(2). In his affidavit, Petitioner asserts that he has no income or other property, other than prison income of $28.00 per month and "a few dollars from family and friends." However, the certification from an officer of the Pontiac Correctional Center and his trust fund account ledger belie the assertion that Petitioner cannot pay the $5.00 filing fee. Both indicate that Petitioner has $174.69 in his prison trust fund account. (Doc. 2 at 3; Doc. 3). Therefore, the Court finds that Petitioner is able to pay the $5.00 filing fee.

IT IS THEREFORE ORDERED:

1. The Clerk SHALL cause a copy of the Petition (Doc. 1) to be served upon Respondent.

2. Respondent SHALL file an answer or other response within sixty (60) days after service of the Petition. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

3. Petitioner MAY file a reply to Respondent's response within thirty (30) days of being served with Respondent's response.

4. Petitioner SHALL serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

5. Petitioner's Motion to Proceed in forma pauperis (Doc. 2) is DENIED.

6. Petitioner SHALL submit the applicable filing fee within 28 days of the date of this Order, or his Petition will be dismissed.

Entered this 14th day of October, 2010.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                      United States Senior District Judge